# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8627 | **DATE** | 2/13/2004 |
| **CASE TITLE** | Schlosser vs. St. Paul Fire and Marine Insurance | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the case is dismissed as moot. All other pending motions are terminated. Plaintiff and plaintiff's counsel are ordered to show cause why they should not be sanctioned. Their memorandum is to be filed by 2/27/04; defendant's reply is to be filed by 3/12/04. These are firm dates. The matter is set for oral argument on 3/18/04 at 3:30 p.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | OR | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BERNARD A. SCHLOSSER, ATTORNEY AT LAW, P.C., on behalf of itself and all others similarly situated, and as assignee of EHOME CREDIT CORP., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 03 C 8627 |
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The plaintiff in this case, a law firm, filed suit in Illinois state court against eHome Credit Corp. in May 2002 on behalf of a putative class asserting various causes of action. eHome had a commercial general liability insurance policy with defendant St. Paul Fire & Marine. St. Paul denied coverage with regard to the suit against eHome, which in turn filed a declaratory judgment action in New York state court in the fall of 2002.

eHome entered into a settlement of the Illinois class action in September 2003. The settlement agreement provided for payment by eHome of $20,000 within 45 days of court approval, and an assignment to the class of its rights under the St. Paul policy. The agreement contemplated that the plaintiff would pursue, as assignee, a claim against St. Paul for the amounts provided by the policy. If plaintiff prevailed, eHome would stipulate to certification of a settlement class in the Illinois case; if plaintiff lost, eHome would get a release of all claims. The settlement was approved by the Illinois court on October 9, 2003.

There ensued what can fairly be described as fast and furious efforts by plaintiff and St.

Paul to get the upper hand on where the insurance coverage dispute would be decided. On October 13, 2003, plaintiff directed eHome to dismiss its New York insurance coverage case, a step expressly contemplated by the Illinois settlement agreement. On October 15, 2003, plaintiff filed its own action in Illinois state court against St. Paul seeking a declaration of coverage. St. Paul then filed its own separate declaratory judgment action in New York state court. St. Paul removed the Illinois declaratory judgment case to this Court on November 26, 2003. eHome did not follow plaintiff's direction to dismiss the first-filed New York case, so St. Paul filed a motion for summary judgment in that case on December 15, 2003. On December 24, 2003, plaintiff filed a motion for summary judgment in the present case, along with a motion asking this Court to enjoin St. Paul from pursuing its motion for summary judgment in the New York case.

This Court determined to deal with plaintiff's summary judgment motion promptly and did so, denying it on January 20, 2004. We have not yet ruled on plaintiff's motion to enjoin St. Paul.

After losing the motion for summary judgment in this Court, plaintiff filed a motion for reconsideration, and a document in which it suggested the case was moot. The basis for plaintiff's suggestion of mootness was that eHome has breached the settlement agreement by failing to pay the $20,000 owed. *See* Pltf's Suggestion of Mootness, Ex. A. But if this is true, it became true on November 24, 2003, the 46th day after the Illinois state court's approval of the settlement. In its reply on the mootness issue, plaintiff notes that eHome also breached the settlement agreement by failing to dismiss its New York case when directed to do so; but this was well known to plaintiff by early November at the latest.

In short, if the case is moot now, it was moot as of the time St. Paul removed it to this Court. Plaintiff, however, remained silent until after it had lost its motion for summary judgment

2

(indeed, the letter it sent to eHome declaring a breach of the settlement agreement is dated one week after the Court's summary judgment ruling). The record permits an inference that plaintiff was willing to overlook the mootness issue in the hope of a favorable ruling on the merits from this Court. But the Court's ruling went the other way and in fact suggested that St. Paul might be entitled to prevail. At that point, plaintiff did a *volte-face,* essentially telling the Court, "never mind."

The Court agrees with plaintiff that the case is moot. Plaintiff has declared eHome to be in breach of the settlement agreement, and it has filed a motion in the Illinois state court case asking that court to do the same. Because this case was premised on the enforceability of an agreement which the plaintiff now concedes is unenforceable, it is moot and must be dismissed.

But that is not the end of this story. As indicated above, the record permits a reasonable inference that plaintiff manipulated the Court by aggressively pursuing in this Court a case that it knew was already moot as of the date it was removed here, hoping for a victory but knowing that if the tide of battle turned against it, it could fold its tent and slip away. Plaintiff and plaintiff's counsel are ordered to show cause why they should not be sanctioned pursuant to 28 U.S.C. §1927 or otherwise, for vexatiously multiplying the proceedings in this Court. Their memorandum in response to the rule to show cause is to be filed by 2/27/04. Defendant's reply is to be filed by 3/12/04. These are firm dates. The matter is set for argument, 20 minutes per side, on 3/18/04 at 3:30 p.m. All other motions are terminated.

MATTHEW F. KENNELLY
United States District Judge

Date: February 13, 2004

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BERNARD A. SCHLOSSER, ATTORNEY AT LAW, P.C., on behalf of itself and all others similarly situated, and as assignee of EHOME CREDIT CORP., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 03 C 8627 |
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The plaintiff in this case, a law firm, filed suit in Illinois state court against eHome Credit Corp. in May 2002 on behalf of a putative class asserting various causes of action. eHome had a commercial general liability insurance policy with defendant St. Paul Fire & Marine. St. Paul denied coverage with regard to the suit against eHome, which in turn filed a declaratory judgment action in New York state court in the fall of 2002.

eHome entered into a settlement of the Illinois class action in September 2003. The settlement agreement provided for payment by eHome of $20,000 within 45 days of court approval, and an assignment to the class of its rights under the St. Paul policy. The agreement contemplated that the plaintiff would pursue, as assignee, a claim against St. Paul for the amounts provided by the policy. If plaintiff prevailed, eHome would stipulate to certification of a settlement class in the Illinois case; if plaintiff lost, eHome would get a release of all claims. The settlement was approved by the Illinois court on October 9, 2003.

There ensued what can fairly be described as fast and furious efforts by plaintiff and St.

Paul to get the upper hand on where the insurance coverage dispute would be decided. On October 13, 2003, plaintiff directed eHome to dismiss its New York insurance coverage case, a step expressly contemplated by the Illinois settlement agreement. On October 15, 2003, plaintiff filed its own action in Illinois state court against St. Paul seeking a declaration of coverage. St. Paul then filed its own separate declaratory judgment action in New York state court. St. Paul removed the Illinois declaratory judgment case to this Court on November 26, 2003. eHome did not follow plaintiff's direction to dismiss the first-filed New York case, so St. Paul filed a motion for summary judgment in that case on December 15, 2003. On December 24, 2003, plaintiff filed a motion for summary judgment in the present case, along with a motion asking this Court to enjoin St. Paul from pursuing its motion for summary judgment in the New York case.

This Court determined to deal with plaintiff's summary judgment motion promptly and did so, denying it on January 20, 2004. We have not yet ruled on plaintiff's motion to enjoin St. Paul.

After losing the motion for summary judgment in this Court, plaintiff filed a motion for reconsideration, and a document in which it suggested the case was moot. The basis for plaintiff's suggestion of mootness was that eHome has breached the settlement agreement by failing to pay the $20,000 owed. *See* Pltf's Suggestion of Mootness, Ex. A. But if this is true, it became true on November 24, 2003, the 46th day after the Illinois state court's approval of the settlement. In its reply on the mootness issue, plaintiff notes that eHome also breached the settlement agreement by failing to dismiss its New York case when directed to do so; but this was well known to plaintiff by early November at the latest.

In short, if the case is moot now, it was moot as of the time St. Paul removed it to this Court. Plaintiff, however, remained silent until after it had lost its motion for summary judgment

2

(indeed, the letter it sent to eHome declaring a breach of the settlement agreement is dated one week after the Court's summary judgment ruling). The record permits an inference that plaintiff was willing to overlook the mootness issue in the hope of a favorable ruling on the merits from this Court. But the Court's ruling went the other way and in fact suggested that St. Paul might be entitled to prevail. At that point, plaintiff did a *volte-face,* essentially telling the Court, "never mind."

The Court agrees with plaintiff that the case is moot. Plaintiff has declared eHome to be in breach of the settlement agreement, and it has filed a motion in the Illinois state court case asking that court to do the same. Because this case was premised on the enforceability of an agreement which the plaintiff now concedes is unenforceable, it is moot and must be dismissed.

But that is not the end of this story. As indicated above, the record permits a reasonable inference that plaintiff manipulated the Court by aggressively pursuing in this Court a case that it knew was already moot as of the date it was removed here, hoping for a victory but knowing that if the tide of battle turned against it, it could fold its tent and slip away. Plaintiff and plaintiff's counsel are ordered to show cause why they should not be sanctioned pursuant to 28 U.S.C. §1927 or otherwise, for vexatiously multiplying the proceedings in this Court. Their memorandum in response to the rule to show cause is to be filed by 2/27/04. Defendant's reply is to be filed by 3/12/04. These are firm dates. The matter is set for argument, 20 minutes per side, on 3/18/04 at 3:30 p.m. All other motions are terminated.

MATTHEW F. KENNELLY
United States District Judge

Date: February 13, 2004