

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8627 | **DATE** | 4/29/2004 |
| **CASE TITLE** | Schlosser vs. St. Paul Fire and Marine Ins. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants defendant's motion to dismiss. The Clerk is directed to enter judgment in favor of St. Paul dismissing this action. All remaining motions are terminated. Based on the matters previously discussed in open court, the rule to show cause issued to plaintiff's counsel on 2/13/04 is discharged. The status hearing of 4/30/04 is vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 30 2004 | |
| | Notified counsel by telephone. | | date docketed | 46 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNARD A. SCHLOSSER, ATTORNEY AT LAW, P.C., on behalf of itself and all others similarly situated, and as assignee of EHOME CREDIT CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> ST. PAUL FIRE AND MARINE INSURANCE COMPANY, <br><br> Defendant. | DOCKETED <br> APR 3 0 2004 <br><br> Case No. 03 C 8627 <br><br> APR 3 0 2004 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Bernard Schlosser, an attorney, has brought this action against St. Paul Fire and Marine Insurance Company pursuant to a settlement agreement between Schlosser and eHome Credit Corp., which holds an insurance policy with St. Paul. The agreement between Schlosser and eHome stems from a suit filed by Schlosser on behalf of a putative class in which eHome allegedly sent unsolicited advertisements to numerous facsimile machines, including Schlosser's, in violation of the federal Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, the Illinois Consumer Fraud Act, 815 ILCS 505/2, and the Illinois common law of conversion. The settlement agreement between Schlosser and eHome provided for an assignment to the putative class of eHome's rights under any applicable insurance policies. The agreement also provided that eHome would pay $20,000 to the plaintiffs; if the plaintiffs recover from St. Paul, eHome will stipulate to certification of the settlement class, and the $20,000 will be returned. If Schlosser does not recover from St. Paul, then Schlosser will keep eHome's $20,000 in return for

46

a full release of all claims.

Schlosser sued St. Paul to recover the amount allegedly due to eHome under the policy (St. Paul had previously denied eHome's request for coverage). St. Paul removed the case to federal court based on diversity of citizenship. Schlosser moved for summary judgment relying mainly on Illinois law. The Court held, however, that New York law applies to Schlosser's claims. We denied Schlosser's summary judgment motion because he had not addressed how the case should be decided under New York law. St. Paul then filed the current motion to dismiss, arguing that an action like the one Schlosser seeks to bring against St. Paul is barred by New York Insurance Law § 3420. Schlosser contends that because he is proceeding as assignee of eHome's claims against St. Paul, § 3420 is inapplicable. For the foregoing reasons, the Court grants St. Paul's motion to dismiss.

## Discussion

As a preliminary matter, the Court must consider the proper procedural basis for St. Paul's motion. Since St. Paul answered the complaint before filing the present motion, it is considered a Rule 12(c) motion for judgment on the pleadings, rather and a Rule 12(b)(6) motion. The standard, however, under Rule 12(c) is the same as the standard under Rule 12(b)(6). *Navarte v. Chase Manhattan Bank, N.A.*, 969 F. Supp. 10, 11 (S.D.N.Y. 1997). The Court accepts the non-moving party's allegations as true and views the facts in the light most favorable to that party; we grant judgment on the pleadings only if the moving party "is entitled to judgment as a matter of law." *Burns Int'l Sec. Servs., Inc. v. International Union*, 47 F. 3d 14, 16 (2d Cir. 1994); *see also* 5A C. Wright & A. Miller, Federal Practice and Procedure (Civil) § 1368 at 518 (1990).

St. Paul contends that because Schlosser has brought a declaratory judgment suit against them based on an insurance policy that St. Paul issued to eHome, Schlosser's ability to sue depends on the statutory rights granted to third parties under New York Insurance Law § 3420. St. Paul contends that an unsatisfied judgment is a condition precedent to any action against the insurer, and because plaintiffs have no such judgment, their claims must be dismissed. Schlosser contends that § 3420 is inapplicable because he is proceeding as the assignee of the rights of eHome.

There appears to be little dispute between the parties that under New York common law, a judgment against the insured is a condition precedent to the filing of a direct action by the injured third party against an insurer. *See, e.g., Tillman v. Fireman's Fund Ins. Co.,* 590 F. Supp. 246, 249 (S.D.N.Y. 1984) (applying New York law). The New York Legislature, in adopting § 3420, created a limited exception to the general rule. Section 3420(a)(2) sets forth four prerequisites for a direct third-party action against an insurer: (1) a judgment against the insured; (2) a thirty-day period during which the judgment remains unsatisfied; (3) an action against the insurer brought by the person who obtained the judgment; and (4) the amount of the judgment cannot exceed the applicable limit of coverage under the insurance policy. The condition of an unsatisfied judgment is not waivable; this and the other conditions in the statute are "integral predicates" for stating and sustaining a direct action under the statute. *See NAP, Inc. v. Schuttletex, Inc.,* 112 F. Supp. 2d 369, 373 (S.D.N.Y. 2000) (applying New York law).

As indicated earlier, Schlosser contends that § 3420 does not govern this case, because the plaintiffs are proceeding not as third parties bringing a direct action, but rather as assignees of eHome's rights under the policy. New York law permits an insured to assign a cause of action

3

against an insurer for reimbursement of an amount for which the insured has already been found liable. *See Roldan v. Allstate Insurance Co.,* 149 A.D. 2d 20, 29, 544 N.Y.S. 2d 359, 368-69 (N.Y. App. 1989), citing *Williams Paving Co. v. United States Fid. & Guar. Co.,* 67 A.D. 2d 827, 413 N.Y.S. 2d 73 (N.Y. App. 1979); *DiLallo v. Fidelity & Cas. Co.,* 355 F. Supp. 519, 521-524 (S.D.N.Y. 1973); *Oppel v. Empire Mut. Ins. Co.,* 517 F. Supp. 1305, 1306 (S.D.N.Y. 1981) Schlosser relies heavily on *Roldan*, claiming that it supports allowing the type of assignment action he attempts to bring here. *Roldan* involved a plaintiff who had obtained a $253,045 default judgment against Thorpe, the insured, in a personal injury case. The judgment had yet to be satisfied after nearly ten years. Thorpe's insurer, Allstate, had refused to honor its contractual duty to defend and indemnify Thorpe in the personal injury action. Thorpe assigned his rights against Allstate to the plaintiff, who then brought five claims against the insurer. Four of the claims were brought by plaintiff as assignee of Thorpe, and the fifth was brought by the plaintiff in his individual capacity. First, the plaintiff sought to recover the amount of the unpaid judgment against Thorpe. The plaintiff's second claim was that Allstate acted wrongfully in terminating Thorpe's insurance policy and refusing to comply with an arbitration award. Third, the plaintiff claimed that Allstate wrongfully refused to settle the underlying personal injury action within the limits of the policy. The fourth claim was based on allegations of fraud and contained a demand for punitive damages. Finally, the fifth cause of action, brought in the plaintiff's individual capacity, was a § 3420 claim against the insurer alleging that the plaintiff's injuries were due to Thorpe's negligence. The court found that, under these circumstances, the plaintiff could sue the insurer as an assignee as well as under § 3420.

*Roldan* does not support the type of claim made by the plaintiffs in this case, namely one

4

that is made before the insured's liability has been established. Indeed, the court in *Roldan* specifically recognized that Thorpe's (and therefore plaintiff's) causes of action did not accrue until Thorpe's liability had been established. *Roldan*, 149 A.D. 2d at 27, 544 N.Y.S. 2d at 363. In other words, had the plaintiff in *Roldan* not obtained a judgment against Thorpe, he would not have been able to bring his claims against the insurance company as the insured's assignee.

In this case, eHome's liability in the underlying case has not been established, other than with respect to the $20,000 that eHome agreed to pay the plaintiffs under the settlement agreement. No judgment has been entered, and there has been no action setting the amount that eHome is obligated to pay. Rather, eHome has simply assigned its rights under the policy, whatever they are, but the amount has not been reduced to a judgment. *Roldan* does not support allowing an assignee to sue an insurer under these circumstances.

Schlosser argues that when an insurer wrongfully refuses to defend its insured, the insured may make a reasonable settlement and then sue the insurer. *Isadore Rosen & Sons, Inc. v. Security Mutual Ins. Co.*, 31 N.Y. 2d 342, 347, 339 N.Y.S. 2d 97, 291 N.E. 2d 380 (1972); *Texaco A/D (Denmark) v. Commercial Ins. Co.*, 160 F. 3d 124, 128 (2d Cir. 1998). According to Schlosser, that is the type of suit it is pursuing as eHome's assignee. But it has cited no New York case that allows such an action in advance of judgment or other determination of liability, to require coverage in an indeterminate amount. In addition, there is no indication that under New York law, the rule allowing an insured to settle on its own if the insurer wrongfully refuses to defend was meant to undermine the requirement that the liability of the insured be established before a third-party can sue the insurer. *A fortiori*, plaintiffs cannot bring such a claim as eHome's assignee. *Septembertide Publishing, B.V. v. Stein and Day, Inc.* 884 F. 2d 675 (2d Cir.

5

1989) citing *International Ribbon Mills, Ltd. v. Arjan Ribbons, Inc.*, 36 N.Y. 2d 121, 126, 325 N.E.2d 137, 139, 365 N.Y.S. 2d 808, 811 (1975) ("It is elementary ancient law that an assignee never stands in any better position than his assignor.") Schlosser points out that at least one of the claims Roldan brought as an assignee sought damages beyond the amount of the insurance policy. But the fact remains that the insured's liability in that case had been fixed by way of a judgment, which is not the case here.

One might conclude from the previous discussion that Schlosser nonetheless should be able to sue St. Paul as eHome's assignee to recover the $20,000 that eHome paid. But the Court does not believe that Schlosser can currently pursue even that aspect of his claim. The $20,000 payment was not made in a vacuum; rather it was just one term in a more comprehensive agreement. The Court sees no basis-- and indeed neither side has requested-- to carve out this one portion of the deal and permit the plaintiffs to recover it. Moreover, the $20,000 payment, like the other aspects of the settlement referenced earlier, has not been made part of a judgment, and it is conceivable that under the settlement's terms it may ultimately be returned to eHome. In short, there is no basis to permit Schlosser to sue St. Paul in this case to recover the $20,000.

## Conclusion

For the reasons stated above, the Court grants defendant's motion to dismiss. The Clerk is directed to enter judgment in favor of St. Paul dismissing this action. All remaining motions are terminated. Based on the matters previously discussed in open court, the rule to show cause

issued to plaintiff's counsel on February 13, 2004 is discharged. The status hearing set for April 30, 2004 is vacated.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 29, 2004